UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**FREDERIQUE HEBERT, ET AL.**            *CIVIL NO. 6:15-2566

**VERSUS**                               *JUDGE DOHERTY

**BAKER HUGHES, INC., ET AL.**           *MAGISTRATE JUDGE HANNA

### REPORT AND RECOMMENDATION

The parties reached a settlement in this case which has been conditionally certified a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  Accordingly, counsel filed a Joint Motion for Approval of the Settlement and to Dismiss this Collective Action.  [rec. doc. 23].  Under the proposed Settlement Agreement, all three collective action members will receive backpay and an equal amount of liquidated damages under the FLSA and no collective action member's payment will be reduced by attorneys' fees and expenses; the action will be dismissed with prejudice, each party to bear its own attorney's fees and costs except as provided in the proposed settlement agreement.

The proposed settlement is as follows: Class Representative Frederique Hebert, $3,300 in backpay, $3,300 in liquidated damages, and $2,000 for her efforts in prosecuting this action; Lori Duncan, $1,817 in backpay, and  $1,817 in liquidated damages; Richard Cooper, $4,178 in backpay, and $4,178 in liquidated damages.  Each

plaintiff will also receive an award for attorney fees and costs paid directly to their counsel as follows: Frederique Hebert, $1,917.16; Lori Duncan, $1,055.60; Richard Cooper, $2,427.24.

## LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *Rivas v. Beaucoup Crawfish of Eunice, Inc.*, 2014 WL 5488390, *2 (W.D. La. 2014) *citing Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945), *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004) and *Liger v. New Orleans Hornets NBA Limited Partnership*. 2009 WL 2856246 (E.D. La. 2009).

Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Id. citing Camp*, 2004 WL 2149079, at *4 *citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), *Jarrad v. Southern Shipbldg. Corp.*, 163 F.2d 960 (5th Cir. 1947) and *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1263 (M.D. Ala. 2003).

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs who were employed as Quality Specialists IIIs, have been mis-

classified by Baker Hughes Oilfield Operations, Inc. as exempt employees in order to avoid the payment of statutorily mandated overtime wages and if so, whether the defendant violated the overtime wage provisions of the FLSA, the extent of overtime actually worked by each plaintiff and the amount of overtime that may be due each plaintiff, as well as whether each plaintiff was entitled to liquidated damages. Because these issues are sufficient for this Court to find "that genuine uncertainty as to the outcome existed" for each side, a bona fide dispute exists in this case. *Id. citing Liger*, 2009 WL 2856246 at *3.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Id. citing Camp*, 2004 WL 2149079 at *5, citing Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Id. citing Camp*, 2004 WL 2149079 at *5, Cotton*, 559 F.2d at 1331 and *Henderson v. Eaton*, 2002 WL 31415728, at *2 (E.D. La. 2002).

The parties have agreed to individual settlement amounts for each of the three plaintiffs based on the extent of overtime hours actually worked by each plaintiff and the amount of allegedly unpaid overtime calculated to be due, as well as an equal amount in liquidated damages. For the reasons set forth below, these factors mandate a finding that the proposed settlement is fair, adequate and reasonable, and accordingly, should be approved by this Court.

There is no evidence of any fraud or collusion behind the settlement. This Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Id.* at *3 *citing Camp*, 2004 WL 2149079 at *7 *citing* 4 Newberg on Class Actions § 11.51 (4th ed.) and *Liger*, 2009 WL 2856246 at *3. Moreover, since this case was filed in 2015, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in this litigation. Furthermore, given the Court's active role in overseeing this litigation and the attendance by the parties at a court ordered conference on January 12, 2016,and the parties' responses to Court ordered inquiry on June 20, 2016, which culminated in the proposed November 2016 Settlement Agreement, it is clear that the settlement has been arrived at by arms-length bargaining and good faith negotiations. The first factor favors approval of the settlement as fair, adequate and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two years, causing the parties to have incurred significant additional expense. Following the opt-in deadline, the defendants intended to file a motion to decertify the collective action, which would have necessitated additional discovery, briefing and court appearances. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and reasonable, and accordingly, should be approved. This case has been pending over one year. During its pendency, the parties have conducted discovery and factual and legal investigations. The Court has conditionally certified a collective class of Quality Specialist IIIs and has assisted the parties and approved their proposed notice to potential class members of this lawsuit. While several substantive issues remain outstanding, including whether this collective action should be decertified, this case is ripe for settlement.

This case has been litigated by competent lawyers on each side.  Accordingly, while at present, the plaintiffs enjoy a high probability of success on the merits, given the competency of defense counsel and the uncertainty of adverse rulings on the undecided decertification issue, failure on the merits is equally likely.  Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit by each side would be likely.  Thus, based upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate and reasonable.  Each eligible class member will receive back pay due for overtime violations, plus an equal amount as liquidated damages.  The Court therefore finds the total amount offered to each plaintiff is adequate, fair and reasonable and within range anticipated by the Court.  Likewise, the total amount of attorney's fees and expenses sought by plaintiffs' counsel from the defendant will not reduce any collective action member's damage award, but rather will be paid to counsel separately, and only after each class member has been fully compensated.  These fees and expenses are not excessive or unreasonable, and the Court therefore finds that these fees and expenses are fair and reasonable.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel, the class representative and all putative class members, as well as the defendant and its counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There has been no objections to the settlement filed in the record and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Liger*, 2009 WL 2856246, at *4 *citing Cotton*, 559 F.2d at 1330. However, the Court must keep in mind that a potential conflict of interest always exists between an attorney and a class. *Id*. (citations omitted). The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court assesses the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel. *Rivas v. Beaucoup Crawfish of Eunice, Inc.*, 2014 WL 5488390, *5 (W.D. La. 2014) *citing Camp v. Progressive Corp.*, 2004 WL 2149079, *18 (E.D. La. 2004) and *Liger v. New Orleans Hornets NBA Limited Partnership*. 2009 WL 2856246, *5 (E.D. La. 2009). The Fifth Circuit generally uses the lodestar method for determining reasonable

attorney's fees in class actions and FLSA actions. *Id. citing Camp*, 2004 WL 2149079 at *19 *citing Strong*, 137 F.3d at 850, *Heidtman*, 171 F.3d at 1043 and *Longden*, 979 F.2d at 1100-01. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id*. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Id.*

In this case, the parties have agreed that each of the three collective action members will receive an award for attorney fees and costs paid directly to their counsel as follows: Frederique Hebert, $1,917.16; Lori Duncan, $1,055.60; Richard Cooper, $2,427.24. The parties have not submitted documentation substantiating the reasonableness of an award of attorney fees or expenses. More specifically, there is no

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

"[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* at *20 *citing Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the *Johnson* factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Id. citing Heidtman*, 171 F.3d at 1043 *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Id. citing Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

documentation as to the total hours of attorney work performed by plaintiff's counsel, Kenneth D. St. Pe, counsel's customary rate of pay or the expenses incurred by plaintiffs in this litigation. Nevertheless, excluding the $2000 award to Ms. Hebert for her efforts in prosecuting the action, it appears that the award on behalf of each plaintiff is an amount equal to approximately 29% of each plaintiff's recovery, plus a minimal amount which the Court presumes represents a share of the litigation expenses. Given that contingency fee arrangements in this legal community are generally in excess of 33% and attorney fees and expenses in such contingency fee arrangements are deducted from each plaintiff's total recovery, the proposed award in this case, which is not to be deducted from any plaintiff's recovery, is fair and reasonable.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that **Proposed Settlement** be **Approved,** and accordingly, that the Court **grant** the Joint Motion for Approval of the Settlement [rec. doc. 23] on the terms and conditions set forth in the proposed settlement agreement detailed in the Motion and Memorandum in Support of same.

**IT IS FURTHER RECOMMENDED** that this collective action be dismissed with prejudice.

**Because the parties have agreed on the payment of the settlement funds and**

**attorneys' fees and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 9th day of November, 2014, at Lafayette, Louisiana.

_____
      PATRICK J. HANNA
      UNITED STATES MAGISTRATE JUDGE